IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANK J. McGREE, | CASE NO. _____ |
| Plaintiff, | |
| v. | **COMPLAINT and** |
| | **DEMAND FOR JURY TRIAL** |
| GOODWILL INDUSTRIES, INC.; THE COMMITTEE OF THE EXECUTIVE 457(f) RETIREMENT PLAN OF GOODWILL INDUSTRIES, INC.; and PAULI BISHOP, | |
| Defendants. | |

Plaintiff, Frank J. McGree, for his claims for relief against the Defendants alleges:

1. Frank McGree ("Frank") is a resident of Omaha, Douglas County, Nebraska.

2. Goodwill Industries, Inc. ("Goodwill") is a non-profit corporation formed and existing under the laws of the state of Nebraska which does business in Douglas County, Nebraska.

3. The Committee of the Executive 457(f) Retirement Plan of Goodwill Industries, Inc. (the "Committee") is the administrator of the Executive 457(f) Retirement Plan of Goodwill Industries, Inc. (the "Plan"), according to the terms of the Plan and the Adoption Agreement, entered into by Goodwill with respect to the Plan. The Committee is appointed by the Board of Trustees of Goodwill and serves at the pleasure of the Board, and conducts its business in Douglas County, Nebraska.

4. Alternatively, on information and belief, Pauli Bishop is the current administrator of the Plan. Ms. Bishop is also the current President and CEO of Goodwill, and conducts her business in that capacity in Douglas County, Nebraska.

5. Frank asserts a claim for breach of contract and a claim for benefits under the Employee Retirement Income Security Act (ERISA). The benefits claim relates to an employee benefit plan, pursuant to 29 U.S.C. §§ 29 U.S.C. 1001 et seq. This Court has jurisdiction of that claim pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e)(1). This Court has jurisdiction over the state law breach of contract claim pursuant to 28 U.S.C. § 1367.

6. Venue is appropriate in this District pursuant to 29 U.S.C. § 1132(e)(2) because the events giving rise to the claims occurred within this District.

7. Frank entered the employment of Goodwill on or about December 1, 1986. His employment was terminated, as hereafter described, on October 28, 2016, after almost 30 years of dedicated service.

8. When Frank began his employment, Goodwill employed approximately 85 employees, had gross revenues of approximately $1.5 million, and provided services to approximately 300 participants annually. In 2015, Goodwill had approximately 600 employees, gross revenue of approximately $30 million, and served approximately 30,000 participants.

9. By 2008, Frank was generally recognized as one of the top Goodwill executives in the United States by Goodwill Industries International. In an effort to induce Frank to remain in its employment, Goodwill, acting through a compensation committee comprised of members of its Board of Trustees, offered to enter into a written employment agreement with him which would provide Frank with, among other benefits, a guarantee of continuing compensation for a period of two years following termination of his employment. Thereafter, on or about January 21, 2008, Frank and Goodwill entered into an employment agreement entitled "President and CEO Employment Agreement" (the "Agreement").

10. Under the terms of the Agreement, Goodwill promised to compensate Frank in accordance with the terms of a compensation package to be determined annually by a committee of its Board of Trustees based on Frank's performance during the preceding year. Frank's compensation package was approved by the entire Board on an annual basis every year from 2008 through 2016.

61996 ^ 856590

11. Under the Agreement, Goodwill had the right to terminate Frank's employment with or without cause, but if it chose to terminate his employment without cause it was required to offer to enter into a severance agreement with Frank, the form of which was attached to the Agreement as Exhibit C (the "Severance Agreement"). The Severance Agreement provided that it would be presented to Frank for signature and Frank would have 21 days to deliver the signed original to Goodwill. The Severance Agreement also provided for severance benefits which included, but were not limited to, 24 months of his base salary calculated at the rate in effect on the last day of his employment.

12. Frank has been a participant in the Plan since at least 2005. The Plan was offered to provide a source of deferred compensation to Frank. At or about the same time the Agreement was signed, Goodwill, in an effort to further induce Frank to remain in its employment, amended the terms of the Plan to increase benefits available to Frank under the Plan. Under the terms of the Plan presently in effect, his benefits under the Plan vest immediately upon his involuntary separation from service at Goodwill without cause.

13. Frank faithfully performed his employment duties with a high level of skill and diligence and has performed all duties required of him under the terms of the Agreement. Each year since the Agreement was signed, Frank's work has been reviewed by a committee of Goodwill's Board of Trustees. He has received uniformly excellent reviews which have resulted in both increases in salary and performance bonuses each year since the Agreement was signed.

14. Goodwill terminated Frank's employment without cause on October 28, 2016. Goodwill refused to offer to enter into the Severance Agreement with Frank when his employment was terminated without cause.

15. After his employment was terminated without cause, Frank made a timely claim for benefits due him under the Plan. The Committee and Ms. Bishop denied his claim. Frank appealed the denial in accordance with the terms of the Plan. The Committee and Ms. Bishop denied his appeal on August 18, 2017. Frank has fully complied with all administrative requirements under the Plan.

### COUNT I – BREACH OF EMPLOYMENT CONTRACT

16. The foregoing paragraphs are fully incorporated and restated here.

17. Goodwill breached the Agreement by terminating Frank's employment without offering to enter into and abiding by the terms of the Severance Agreement, as required by the terms of the Agreement.

18. Frank has been damaged as a result of the breach because he has not received the severance payments he was promised in exchange for executing the Severance Agreement, which he has at all times been ready, willing and able to execute. His damages for such breach include, but are not necessarily limited to, the severance payments promised, which are to be equal to 24 months of his salary, or approximately $550,000.00.

WHEREFORE, Plaintiff prays the Court will enter judgment in his favor for breach of contract by Goodwill and award damages for such breach as established by the evidence, interest as allowed by law, the costs of this action, and any further relief the Court deems just and appropriate.

### COUNT II – WRONGFUL DENIAL OF PLAN BENEFITS

19. The foregoing paragraphs are fully incorporated and restated here.

20. Frank became fully vested in the benefits owed to him under the Plan when his employment was terminated without cause.

21. Frank has exhausted all administrative review requirements the Plan may have before bringing this action and he has complied with all conditions necessary to receive benefits under the Plan. Frank has the right to enforce his claim for benefits under the Plan through the provisions set forth in 29 U.S.C. § 1132.

22. Frank has been damaged by the denial of benefits in an amount equal to his vested benefits accrued under the Plan, an amount estimated to be approximately $500,000.00, with the exact amount to be determined at trial.

WHEREFORE, Plaintiff prays the Court will enter judgment in his favor for breach of the terms of the Plan and wrongful denial of benefits under the Plan, order the Defendants to pay him the benefits owed under the Plan, interest as allowed by law, the costs of this action, attorney's fees as authorized by 29 U.S.C. § 1132(g)(1), and any further relief the Court deems just and appropriate.

61996 ^ 856590

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on any claim so triable and designates Omaha, Nebraska as the place of trial.

DATED: September 25, 2017.

                        FRANK McGREE, Plaintiff,

By _____
    Thomas J. Culhane, #10859
    Bonnie M. Boryca, #24886
    ERICKSON | SEDERSTROM, P.C.
    Regency Westpointe
    10330 Regency Parkway Drive, Suite 100
    Omaha, NE 68114
    Telephone: (402) 397-2200
    Facsimile: (402) 390-7137
    culhane@eslaw.com
    boryca@eslaw.com

61996 ^ 856590