IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANK J. MCGREE,                ) | CASE NO.:  8:17-cv-358 |
|             Plaintiff,    ) | |
| v.                              ) | **ANSWER** |
| GOODWILL INDUSTRIES, INC.; THE  ) | |
| COMMITTEE OF THE EXECUTIVE      ) | |
| 457(f) RETIREMENT PLAN OF       ) | |
| GOODWILL INDUSTRIES, INC.; and  ) | |
| PAULI BISHOP,                   ) | |
|             Defendants.   ) | |

COMES NOW the Defendants, Goodwill Industries, Inc.; The Committee of the Executive 457(F) Retirement Plan of Goodwill Industries, Inc.; and Pauli Bishop, and for their Answer to the Plaintiff's Complaint and Demand for Jury Trial, allege and state as follows:

1. The Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. The Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. The Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. The Defendants admit the allegations contained in Paragraph 4 of the Complaint but denies that Ms. Bishop is the current President and CEO of Goodwill. Ms. Bishop served as the interim President and CEO until on or about October 16, 2017. Ms. Bishop is no longer employed by Goodwill Industries, Inc.  All other allegations contained in Paragraph 4 are admitted.

5. The Defendants admit the allegations contained in Paragraph 5 of the Complaint insofar as they allege that this Court has jurisdiction over the Plaintiff's benefits claim and state law breach of contract claim.

6. The Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. The Defendants admit the allegations contained in Paragraph 7 of the Complaint, but deny all allegations with respect to whether his service was "dedicated."

8. The Defendants are without knowledge as to the veracity of the allegations contained in Paragraph 8 of the Complaint as to the number of employees employed by Goodwill, its gross revenues and its participants on or about December 1, 1986, and therefore, deny same. The Defendants admit the allegations contained in Paragraph 8 of the Complaint, insofar as they allege that in 2015, Goodwill employed approximately 600 employees and had gross revenue of approximately $30 million. All other allegations are denied.

9. The Defendants are without knowledge as to the veracity of the allegations contained in Paragraph 9 of the Complaint. The Defendants admit, that it entered into a written Employment Agreement entitled "President and CEO Employment Agreement." All other allegations are denied.

10. The Defendants admit the allegations contained in Paragraph 10 of the Complaint, insofar as they allege that McGree's compensation was set annually by the Board of Trustees ("Board") and that one component of said compensation was McGree's performance. The Defendants also admit that the Board approved McGree's compensation from 2008 through 2016. All other allegations are denied.

11. The Defendants admit the allegations contained in Paragraph 11 of the Complaint, insofar as they allege that the Employment Agreement provides that, in the event that McGree was terminated without "cause," that he would be entitled to severance benefits in the amount of two (2) years of his then base salary. All other allegations are denied.

12. The Defendants admit the allegations contained in Paragraph 12 of the Complaint to the extent that the Plaintiff had been a participant in the 457(f) Plan since at least 2005. Defendants also admit that the Plaintiff's 457(f) benefits would vest if he was terminated without "cause." All other allegations contained in Paragraph 12 are denied.

13. The Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. The Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. The Defendants deny the allegations contained in Paragraph 15 of the Complaint to the extent that they allege that the Plaintiff's employment was terminated without "cause." Defendants admit, however, that the Plaintiff made a timely claim for benefits due him under the 457(f) Plan, which were denied as was his appeal of the denial of benefits. All other allegations contained in Paragraph 15 of the Complaint are denied.

16. The Defendants restate and re-allege its Answers to Paragraphs 1 through 15 of the Answer, as though fully set forth herein.

17. The Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. The Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. The Defendants restate and re-allege its Answers to Paragraphs 1 through 18 of the Answer, as though full set forth herein.

20. The Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. The Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. The Defendants deny the allegations contained in Paragraph 22 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Plaintiff's original voluntary resignation was converted to a termination for "cause," which does not entitle the Plaintiff to §457(f) benefits and/or severance benefits under the Employment Agreement.

2. The Defendants plead laches and/or unclean hands.

3. Plaintiff's ERISA claim is preempted by the terms of the 457(f) Plan.

4. Plaintiff's state law contract claim is preempted by ERISA, 29 U.S.C. §1144(c)(1).

5. The decision to deny Plaintiff benefits was neither arbitrary nor capricious.

6. The Plaintiff has failed to mitigate his alleged damages.

7. Paying the Plaintiff severance pay and/or 457(f) benefits violates the public policy of the State of Nebraska.

WHEREFORE, the Defendants respectfully request that the Court find for the Defendants on all counts and dismiss the action in its entirety and grant them such other relief as is just and appropriate.

DATED this 1st day of December, 2017.

                                    GOODWILL INDUSTRIES, INC, ET. AL.
                                    Defendants.

BY:   */s/ Patrick J. Barrett*
       Patrick J. Barrett, #17246
       Sarah L. (Sally) McGill, #24790
       Brandon J. Crainer, #24891
       Emily R. Langdon, #23945
       FRASER STRYKER PC LLO
       500 Energy Plaza
       409 South 17th Street
       Omaha, NE  68102-2663
       (402) 341-6000
       pbarrett@fraserstryker.com
       smcgill@fraserstryker.com
       bcrainer@fraserstryker.com
       elangdon@fraserstryker.com
       ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of December, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas Culhane
Erickson & Sederstrom
10330 Regency Parkway Dr, #100
Omaha, NE  68114-3761

Bonnie M. Boryca
Erickson & Sederstrom
10330 Regency Parkway Dr, #100
Omaha, NE  68114-3761

                                    */s/ Patrick J. Barrett*

1755664 v1