IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANK J. MCGREE, | CASE NO.: 8:17-cv-358 |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| GOODWILL INDUSTRIES, INC.; THE COMMITTEE OF THE EXECUTIVE 457(f) RETIREMENT PLAN OF GOODWILL INDUSTRIES, INC.; and PAULI BISHOP, | |
| Defendants. | |

Now before the Court is the parties' Joint Motion for Entry of a Protective Order. (Filing No. 22). After careful consideration, the Court **GRANTS** the parties' motion and, pursuant to the parties' consent and agreement, enters the following Protective Order:

1. *Scope and Definitions.* This order is intended to limit the parties' use of confidential information furnished by any party or nonparty to any party in connection with this action. "Confidential Information" includes, but is not limited to, information that constitutes a trade secret or other confidential information, the disclosure of which may adversely affect the commercial, financial, or competitive position of the producing party, or may pose a threat of identity theft or disclosure of confidential, proprietary, or personal information, including, but not limited to, personnel files. Each party shall hold properly marked "Confidential" materials received from the opposing party in confidence, as described below, using such materials only in connection with the prosecution or defense of this pending litigation.

2. Any Confidential Information may be claimed by any producing party, subject to the provisions of paragraph 6 of this Protective Order, based on a good faith belief that the material contains Confidential Information.

3. *Making Designations*. A party claiming that a document is confidential shall mark "Confidential" on the face of the document prior to production or otherwise notify all counsel of record in writing of the designation. A party claiming that information discussed during a deposition is Confidential shall notify opposing counsel either (i) at the time of the deposition by making a statement for inclusion in the deposition transcript on the record before the close of the deposition or (ii) within five (5) business days after receipt of the deposition transcript, by so notifying counsel for each other Party in writing. During the period between the deposition testimony and the time when the five (5) business day period after receipt of the transcript has run, all deposition transcripts shall be treated as Confidential in the manner provided for in this Protective Order. A party claiming that any material other than documents or depositions is Confidential or contains Confidential Information shall notify opposing counsel in writing that the material should be so treated pursuant to the terms of this Protective Order.

4. *Persons Who May Access Confidential Information*. Except as provided in this Protective Order, no copies of material designated as Confidential shall be made or furnished, and no Confidential Information shall be disclosed to any person, firm, or corporation except those identified in this Protective Order. Materials marked or designated as Confidential and any copies of such materials and any information contained in or derived from such materials, shall be made available only to the following persons in connection with their duties in the conduct of this action:

(i) The parties and their attorneys of record in this litigation (including any of their partners or associate attorneys), including any persons employed by such attorneys or their firms, when working in connection with this litigation under the supervision of attorneys of said firms;

(ii) The Court and Court personnel;

(iii) Any mediator or other neutral appointed by the Court or chosen by the parties;

(iv) Court reporters, videographers, and/or other official personnel reasonably required for the preparation of transcripts of testimony;

(v) All experts and consultants retained by any party for the preparation or trial of this case;

(vi) Witnesses necessary to the prosecution or defense of the case; and

(vii) Any other person on such terms and conditions as the parties may mutually agree, or as the Court may hereafter direct by further order.

Any person falling within subsections v, vi, and vii of this paragraph shall, prior to receipt of Confidential Information, sign a document in the form attached as "Exhibit A" hereto acknowledging that the person has read this Protective Order and agrees to be bound by it. Such acknowledgments shall be retained by counsel for the party providing Confidential Information to such person(s).

5. *Restricted Filings*. Any party who seeks to file with the Court a pleading or other paper that contains Confidential Information shall do so only if the filing is made with a "restricted access" designation. The parties do not waive the right to object at trial to the admissibility of any materials or portions thereof. The parties also do not waive the right to file a motion *in limine* regarding the use at trial of any materials or portions thereof.

6. *Challenging Designations*. In the event that any party to this litigation disagrees with the designation of any materials or information as Confidential, the

objecting party shall notify counsel of record for the opposing party of such objection or concerns in writing. The parties shall make a good faith effort to resolve any disagreement regarding the designation and use of Confidential Information without the necessity of the Court's intervention.  If the disagreement is not resolved, the producing party shall bear the burden of filing a motion seeking relief from the Court regarding the designation within ten (10) calendar business days of the producing party's receipt of the written objection.  The disputed material shall be treated as designated unless and until the Court rules otherwise.  The producing party's failure to file and serve a motion as provided in this paragraph shall constitute a waiver of the Confidential designation and the materials and information will no longer be so protected.  The producing party shall have the burden of showing that the materials or information are properly designated as Confidential.

    7.    *Use of This Protective Order by Third Parties.*  A third party, not a party to this action, who produces documents, testimony or other information, pursuant to a subpoena or a court order, may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.  A third party's use of this Protective Order does not entitle that third party access to any Confidential Information produced by any party in this case. The party requesting the issuance of such subpoena, or obtaining such court order, shall be responsible for informing the third party of their rights under this Protective Order.

    8.    Within ninety (90) days of the termination of this litigation (including any appeals) or such other time as the producing party may agree in writing, the parties shall return the confidential materials to counsel for the producing party in the form such

confidential materials were originally produced, or destroy such confidential materials, and counsel shall certify that all such documents were returned or destroyed. Notwithstanding the foregoing, counsel may retain a copy of all pleadings filed or served in this case, provided that any such pleadings filed as restricted documents in accordance with this Protective Order are kept confidential.

9. The entry of this Protective Order shall be without prejudice to the rights of the parties, or either of them, or of any non-party, to assert or apply for additional or different protection. All parties who review materials or information subject to the terms of this Protective Order are hereby bound by the terms of this Protective Order and subject themselves to the jurisdiction of this Court.

10. This Protective Order is not intended to govern the use of documents or evidence at trial or other evidentiary hearing held by the Court in this action.

**IT IS SO ORDERED.**

May 16, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, hereby certify my understanding that Confidential Materials and/or Information are being provided to me pursuant to the terms and restrictions of the Protective Order entered by the United States District Court for the District of Nebraska, in the case titled *Frank J. McGree v. Goodwill Industries, Inc.; The Committee of the Executive 457(F) Retirement Plan of Goodwill Industries, Inc.; and Pauli Bishop,* Case No. 8:17-cv-358. I further certify that I have been provided a copy of and have read the Protective Order, and agree to comply with and be bound by its terms and conditions. I also consent to the jurisdiction of the United States District Court for the District of Nebraska, for purposes of enforcing the Protective Order. I understand that violation of the Protective Order is punishable by contempt of Court.

Date: _____       Signature: _____

1879099 v2